Per Curiam.

We are of opinion that the land passed by the deed, there being a valid consideration ; that the purpose being to pay debts, it passed in trust; and that it is to be accounted for at its actual value. But the deed being absolute, the land is to be applied to those debts before resort is had to the personal estate ; it must be considered as a payment pro tanto. If there shall afterward be a surplus of personal estate, Peele must be charged for it. This cannot be ascertained without first coming at the value of the real estate. Perhaps this may be determined by agreement, but if not, the respondent should be allowed an opportunty to sell. We consider the whole property as put inte his hands to be applied to the discharge of the debts and liabilities specified, and that he will be liable as trustee for the surplus.[1]

 But neither choses in action nor land assigned, are, in the hands of the assignee, goods, effects or credits of the assignor liable to the trustee process, even in case the assignee would be trustee after receiving money by means *256 of the choses in action or as the proceeds of the sale of the land. Gore v. Clisby, 8 Pick. 555. See also Bissell v. Strong, 9 Pick. 562; Tucker v. Clisby, 12 Pick. 22. So held, where the assignee had sold the land after the process had been served on him but before he had filed his answer. Sanford v. Bliss, 12 Pick. 116. See Fall River Iron Works v. Croade, 15 Pick. 16.
The court will not compel the assignee to apply first such land to the pay. ment of the creditors, parties to the assignment, in order to create a sur plus of the goods to which the trustee process may attach. Tucker v. Clisby 12 Pick. 22; Gore v. Clisby, 8 Pick. 555.